[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13072
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20965-FAM-3

UNITED STATES OF AMERICA,

                                                              Plaintiff-Appellee,

versus

SERGIO CALDERON,
a.k.a. Calderon,
a.k.a. Caldero,

                                                              Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 23, 2017)

Before ED CARNES, Chief Judge, HULL and WILSON, Circuit Judges.

PER CURIAM:

Sergio Calderon pleaded guilty to conspiracy to possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 846, and the district court sentenced him to 120 months imprisonment. Calderon appeals that sentence, contending that it is substantively unreasonable.

I.

From April through November 2015 a confidential informant along with an undercover agent made a total of twelve cocaine purchases from codefendant Gomez Borges. A wiretap was then authorized and placed on Borges' phone, and agents recorded conversations between Borges, codefendant Jose Lopez Amado, and Calderon concerning supplying and distributing cocaine. In late November officers watched Borges enter an apartment and then leave carrying a suitcase. They followed him to a truck yard, arrested him, and found that he was carrying more than $28,000. They also arrested Amado at the truck yard and after conducting a search found 16 kilograms of cocaine there. Calderon was then arrested at the apartment where Borges had been after Calderon admitted to officers that he was renting that apartment and that everything inside of it was his. Inside of that apartment officers found two kilograms of cocaine, a money counting machine, and over $2,000 in cash.

Calderon pleaded guilty to conspiracy to possess with intent to distribute 500 grams or more of cocaine, which carried with it a maximum sentence of 40 years

2

imprisonment.  The district court calculated his advisory guideline range as 51 to 63 months imprisonment based on a total offense level of 24 and a criminal history category of I.  The district court, however, imposed an upward variance and sentenced Calderon to 120 months imprisonment.  Calderon now appeals, contending that his sentence was substantively unreasonable because (1) the district court erroneously concluded that his criminal history category underrepresented his criminal history and (2) the district court erroneously gave too much weight to the fact that he had been arrested for a cocaine trafficking offense committed after he pleaded guilty in this case but before he had been sentenced.

## II.

We review for abuse of discretion the reasonableness of a sentence.  United States v. Irey, 612 F.3d 1160, 1188–89 (11th Cir. 2010) (en banc).  "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  Id. (quotation marks omitted).  In other words, a sentence is substantively unreasonable "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [18 U.S.C.] § 3553(a) factors by arriving at a sentence that lies outside the

3

range of reasonable sentences dictated by the facts of the case." Id. at 1190 (quotation marks omitted).

Calderon first contends that the district court erred in concluding that his criminal history was "seriously underrepresented" in the guideline calculation.[1] In arriving at that conclusion the district court noted that Calderon had received no criminal history points for his state conviction for trafficking 69.6 pounds of marijuana. Further, the district court noted that Calderon had "got[ten] breaks" for his past crimes, including one that involved violent conduct, because he had only received probation for them. The district court did not abuse its discretion in using that underrepresentation of Calderon's criminal history as one reason to conclude that a variance was proper to protect the public from further crimes and to reflect Calderon's criminal history. See 18 U.S.C. § 3553(a). Moreover, the sentence imposed was well below the statutory maximum of 40 years imprisonment, which also suggests that the sentence was substantively reasonable. See United States v. McKinley, 732 F.3d 1291, 1299 (11th Cir. 2013) (noting that the imposition of a

---

[1] We note that the guidelines provide that an upward departure may be warranted if "the defendant's criminal history category substantially underrepresents the seriousness of the defendants conduct." U.S.S.G. § 4A1.3(a)(1). Calderon does not argue that if the nature of his criminal history was actually underrepresented the district court could not consider that as a factor supporting its imposition of an upward variance instead of a departure. See United States v. Moran, 778 F.3d 942, 983–84 (11th Cir. 2015) (holding that the district court did not abuse its discretion by imposing an upward variance "after finding that [the defendant]'s criminal history category of I understated the seriousness of his criminal history").

sentence below the statutory maximum was "a further indicator that the sentence was reasonable").

Calderon also contends that the district court erred in imposing a variance based on his arrest for drug trafficking which occurred between his guilty plea and the sentence hearing.  Calderon does not argue that the district court should not have considered the arrest at all but that it gave too much weight to the arrest in imposing the variance.  That arrest was only one of several reasons the district court provided as supporting an upward variance, and, in any event, "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court."  United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007) (quotation marks omitted).  As a result, the district court did not abuse its discretion by imposing the upward variance.

**AFFIRMED.**